UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| SHERRIE L. DURHAM | ] | |
|---|---|---|
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:12-0587 |
| | ] | JUDGE HAYNES |
| BILL HASLAM, et al. | ] | |
| Defendants. | ] | |

ORDER

Plaintiff, Sherrie L. Durham, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Bill Haslam, Robert E. Copper, Tre Hargrett, Rebecca Hunter, Karla Davis, Lauara Hollond, John Doe and Jane Doe. Plaintiff claims in this action are that the state courts misinterpreted the Tennessee Administrative Procedures Act, Tenn. Code Ann. § 4-5-101, *et seq.*, in such a way as to violate her rights under the First and Fourteenth Amendments.

Plaintiff's claims arise out of the discharge from her position as an unemployment hearing officer. Plaintiff appealed the termination to the Tennessee Civil Service Commission, that after a hearing, affirmed Plaintiff's discharge. Plaintiff then filed for review of the Commission's decision in the Chancery Court of Davidson County. On June 8, 2011, the Chancery Court entered an Order dismissing the Plaintiff's petition. On appeal, the Tennessee Court of Appeals affirmed the Chancery Court's ruling "in its entirety". Durham v. Tenn. Dept. of Labor, et al, No. M2011-01515-COA-R3-CV, 2012 WL 1407372 (Tenn Ct. App. April 20, 2012).

Plaintiff has the burden to establish the Court's jurisdiction or authority to entertain her

1

claims. Gibbs v. Buck, 307 U.S. 66, 71 (1939). A court can consider sua sponte whether jurisdiction exist at any state of the proceeding. Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir.1992).

Under the Rooker-Feldman doctrine, a district court lacks jurisdiction to entertain a challenge to a state court decision, even if the challenge alleges that the state court action was unconstitutional. This doctrine bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).

The Court concludes that Plaintiff's claims that the state courts misinterpreted a state statute in violation of her federal rights fall under the Rooker-Feldman doctrine. The Court, therefore, lacks jurisdiction to adjudicate Plaintiff's claims.

For these reasons, this action is **DISMISSED** for lack of subject matter jurisdiction.

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 14th day of June, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge